IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHIBUEZE C. ANAEME,

        Plaintiff

vs.                                                                                                         No. CIV-05-1068 MV/ACT

BEST WESTERN HOT SPRINGS INN, *et al*.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*. On August 17, 2005, Plaintiff Chibueze C. Anaeme, appearing *pro se*, filed a complaint in the Second Judicial District Court, Bernalillo County, New Mexico, asserting claims for attorney's fees and legal costs against two sets of unrelated defendants. First, Plaintiff asserted a claim for attorney's fees and costs for the time he spent prosecuting claims in federal court against a group of defendants, including Best Western Hot Springs Inn, Truth or Consequences Police Department, and Rent a Wreck of Albuquerque ("New Mexico Defendants"), arising out of an incident involving the rental of an allegedly defective vehicle. It is unclear from the record if these actions are resolved or ongoing. Second, Plaintiff asserted a claim for attorney's fees and costs for the time he expended unsuccessfully prosecuting an employment claim in federal court against a second set of defendants, including Medical Staffing Network and persons associated with Medical Staffing Network ("MSN Defendants"). Plaintiff apparently appeared, or is appearing, *pro se* in all the underlying litigation.

The MSN Defendants timely removed the case to this Court. *See* Notice of Removal,

filed October 7, 2005, [Doc. No. 1]. While Plaintiff did not seek a remand, because removal raises federalism concerns, the Court must carefully scrutinize the facts to ensure that removal is appropriate. *See* 28 U.S.C. § 1446(c)(4).

In their removal notice, the MSN Defendants assert that this Court has subject matter jurisdiction because there is complete diversity between Plaintiff and the MSN Defendants and the non-diverse New Mexico Defendants were fraudulently joined.[1] Fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.[2] *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921) (the right of removal cannot

---

[1] In support of their fraudulent joinder argument, the MSN Defendants rely solely on *Couch v. Astec Industries, Inc.*, 71 F.Supp.2d 1145 (D.N.M. 1999). In *Couch*, the court, citing an Eleventh Circuit case, stated that fraudulent joinder may occur "where a plaintiff joins a diverse defendant with a non-diverse defendant as to whom no joint, several, or alternative liability exists, and where plaintiff's claim against the non-diverse defendant has no real connection to the claim against the diverse defendant." *Id.* at 1147. It appears that in making this statement the *Couch* court confused "fraudulent joinder" and "fraudulent misjoinder." "Fraudulent joinder" of defendants addresses the viability of claims against a defendant. "Fraudulent misjoinder" addresses the joinder of the claims rather than their viability. With fraudulent misjoinder, the charge is that the joined claims are unrelated and have been improperly joined in one action to destroy diversity. Some courts, including the Eleventh Circuit, have held, in limited circumstances, that diversity jurisdiction may exist where diversity is destroyed only through misjoinder of claims. The case cited by the *Couch* court, *Triggs v. John Crump Toyota, Inc.*,154 F.3d 1284 (11th Cir. 1998), relied upon the fraudulent misjoinder doctrine, which the Tenth Circuit has never addressed or adopted. There is no question that there has been a misjoinder of claims in this case. There is no joint, several, or alternative liability between the two sets of defendants in this case and Plaintiff's claim against the New Mexico Defendants has no connection to the claim against the MSN Defendants. Because MSN Defendants' removal petition can be resolved under the fraudulent joinder doctrine, however, the Court need not reach the question of whether fraudulent misjoinder exists.

[2] "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). To avoid any implication of wrongdoing by the plaintiff, some circuits have adopted the term "improper joinder" rather than "fraudulent joinder." *See Smallwood v. Ill. Cent. RR Co.*, 385 F.3d 568, 571 n. 1 (5th Cir. 2004) (en banc).

2

be defeated by "a fraudulent joinder of a resident defendant having no real connection with the controversy."); *American Nat. Bank and Trust Co. of Sapulpa v. BIC Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (if plaintiffs joined the non-diverse parties without good faith, defendant may remove on the grounds of fraudulent joinder). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendants in state court. *Montano v. Allstate Indem.*, No. 99-2225, 211 F.3d 1278, 2000 WL 525592, at *1-2 (10th Cir.2000).[3] In evaluating fraudulent joinder claims, a court must resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. *Id*.

To demonstrate fraudulent joinder under Tenth Circuit law, the MSN Defendants must show that Plaintiff has no possibility of recovery under New Mexico law against the New Mexico Defendants. In his complaint, Plaintiff is seeking attorney's fees and costs from the New Mexico Defendants for claims Plaintiff has litigated, or is in the process of litigating, against these defendants in federal court. Under New Mexico law, absent statutory or other authority, each party is responsible for its own attorney fees. *See Montoya v. Villa Linda Mall, Ltd.*, 110 N.M. 128, 129, 793 P.2d 258, 259 (1990) ("New Mexico adheres to the so-called American rule that, absent statutory or other authority, litigants are responsible for their own attorney's fees."); *Martinez v. Martinez*, 101 N.M. 88, 93, 678 P.2d 1163, 1168 (1984) (stating that the rule for the

---

[3] The Court recognizes that pursuant to 10th Cir. R. 36.3(B) citation to unpublished decisions is disfavored. The Tenth Circuit, however, has not clearly set forth the evidentiary standard applicable to fraudulent joinder claims in previous published opinions. Moreover, the court's analysis in *Montano* has persuasive value with respect to this issue and it assists this court in the disposition of the pending motion. *See* 10th Cir. R. 36.3(B)(1)-(2) (explaining that unpublished decisions may be cited if they have persuasive value with respect to a material issue not addressed in a published opinion and it would assist the court in its disposition).

award of attorney fees is "that each party to litigation must pay his [or her] own counsel fees"). Plaintiff's complaint does not allege any statutory or other basis for his claim for attorney's fees. Furthermore, while not directly addressed by New Mexico courts, most other courts have held that a *pro se* plaintiff is not entitled to recover attorney's fees for the value of his or her self-representation. *See, e.g., Kay v. Ehrler*, 499 U.S. 432 (1991) (litigants, including attorneys, who appear *pro se* are not entitled to receive attorneys' fees under 42 U.S.C. § 1988 even if they litigate their claims successfully); *McCormack v. United States*, 891 F.2d 24, 25 (1st Cir. 1989) ("Individuals who represent themselves *pro se* may not recover attorney fees or other compensation for their time under [attorney's fees provision of Internal Revenue Code] because they have not paid or incurred fees for these efforts."); *Tempelman v. Colsia*, 2002 WL 31236395, *3, 2002 U.S. Dist. LEXIS 19037, *9 (D.N.H. 2002) (denying request for fees and costs pursuant to § 1447(c) because "[o]rdinarily, *pro se* litigants cannot recover attorneys' fees because they have not paid for the services of an attorney"). In addition, it is procedurally improper for Plaintiff to seek to recover attorney's fees in state court for actions litigated in federal court.

     For all the above reasons, there is no possibility Plaintiff will obtain a recovery against the New Mexico Defendants under the claims asserted in his complaint. Consequently, the New Mexico Defendants are improperly or fraudulently joined and this Court has diversity jurisdiction over the claims against the MSN Defendants. Having determined that the New Mexico Defendants were fraudulently joined, however, this Court has no jurisdiction to resolve the merits of the claims against them and they will be dismissed. *See Albert v. Smith's Food & Drug Centers, Inc.*,356 F.3d 1242, 1249 (10th Cir. 2004) ("Once it determined that [two

4

defendants] were fraudulently joined, the district court had no jurisdiction to resolve the merits of the claims against them."); *Martinez v. Richardson*, 472 F.2d 1121, 1126 (10th Cir. 1973).

For the same reasons discussed above, Plaintiff's complaint fails to state a claim against the MSN Defendants and no amendment to the complaint could make Plaintiff's claim for compensation for his prior unsuccessful, *pro se*, prosecution of an employment action viable. Thus, the Court will dismiss Plaintiff's claims against the MSN Defendants *sua sponte*. *See McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 n. 1 (10th Cir. 1991) (*sua sponte* dismissal of a meritless complaint pursuant to Rule 12(b)(6) is appropriate when (1) it is patently obvious that the plaintiff could not prevail on the facts alleged; and (2) allowing plaintiff an opportunity to amend his complaint would be futile).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Best Western Hot Springs Inn, Truth or Consequences, N.M.; Hot Springs Venture Partnership; Joshua Frankel; Truth or Consequences (T or C), New Mexico Police Department; Officer Russell Peterson; Officer K. Stockman; B.C.W. Inc., d/b/a Rent a Wreck of Albuquerque, New Mexico; Farr Better Car Rental of Albuquerque, N.M.; Farr Better II, Inc.; Out West Auto Corral of Albuquerque, New Mexico; Out West Auto Corral Inc.; Out West Auto Corral II; Subsidiaries of B.C.W. Inc.; Glen Banek; Robert Velasquez; and Jesus Ledesma are hereby dismissed without prejudice as being fraudulently joined.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the remaining defendants

are hereby dismissed without prejudice for failure to state a claim.

    Dated this 14th day of March, 2006.

                                                      MARTHA VÁZQUEZ
                                                     CHIEF U. S. DISTRICT COURT JUDGE